WALTER M. ELSWICK, Judge.
This claim was submitted under the shortened procedure prescribed by section 17, of chapter 20 of the acts 1941, by the state road commission. From the record submitted it appears that John McClung received a fatal injury as a result of being struck on his leg by a snowplow. He was injured while on duty as an employee of district 9 of the state road commission, at Lewisburg, West Virginia. He had opened the garage door to let the snowplow in the garage and as the truck and snowplow entered the garage he was struck on the leg by the snowplow blade. He sustained the injuries on January 25, 1936, was admitted to the Greenbrier Valley hospital at Ronceverte, West Virginia on February 3, 1936, and died on February 9, 1936. When admitted to the hospital his leg had abscessed at the place of the injury. At the time of the injury he was sixty years of age, and left surviving him his widow, Alice E. McClung. By acts of the Legislature of 1937, under general appropriation, the sum of $1456.75 was appropriated to John McClung, to be paid from the state road fund, under caption “To pay claims against the state road commission resulting from personal injury . . . this amount appropriated for remainder of fiscal year ending June 30, 1937, and to remain in effect until claims are paid.” By acts of 1939 the sum of $730.00 was appropriated to Alice E. McClung, his Nwidow, under the caption “To pay claims against the state road commission resulting from personal injury . . . this amount is appropriated for the remainder of fiscal year end *84 ing June 30, 1939 and to remain in effect until June 30, 1940.” By acts of 1941 an appropriation was made to Alice E. Me-Clung for the sum of $720.00 under a similar caption.
At the time of the injury causing death the state road commission was not a subscriber to the workmen’s compensation fund. It would appear from the record submitted and general appropriation acts of the Legislature that although the road commission was not contributing to the workmen’s compensation fund, it was the intent and policy of the Legislature to provide for benefits by appropriations for the purpose to the widow of the deceased equivalent to those provided for by chapter 23, article 4, section 10(d) of the code, Michie’s code section 2535, which reads as follows:
“(d) If the deceased employee leaves a dependent widow or invalid widower, the payment shall be thirty dollars per month until death or remarriage of such widow or widower, . .
The claim as submitted by the road commission is for compensation to the widow of the decedent at $30.00 per month from January 1, 1943, to January 1, 1945, or $720.00. The claim is approved for payment under the shortened procedure by the assistant to the attorney general.
In view of the policy and intent shown by the Legislature in providing for compensation to dependents in such cases, the recommendations of the department involved, and the approval of the attorney general’s office, we recommend an award of seven hundred twenty dollars ($720.00), and an order will be entered accordingly.